IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSPLACE STUTTGART, LLC f/k/a TRANSPLACE STUTTGART, LP | § § § § | |
| Plaintiff, | § § | |
| V. | § § | CIVIL ACTION NO. H-22-3854 |
| HOLY LAND LOGISTICS, INC., | § § § | |
| Defendant. | § | |

### PLAINTIFF TRANSPLACE STUTTGART, LLC f/k/a TRANSPLACE STUTTGART, LP'S MOTION FOR DEFAULT JUDGMENT

Plaintiff Transplace Stuttgart, LLC f/k/a Transplace Stuttgart, LP ("Transplace") files this Motion for Default Judgment against Defendant Holy Land Logistics, Inc. ("HLL") pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

### INTRODUCTION

1. Transplace's Original Complaint was filed on November 4, 2022, seeking judgment against HLL for damage to/loss of cargo under the Carmack Amendment and U.S. federal common law. ECF Doc. 1. Despite being served with process, HLL has failed to file an answer or otherwise respond to Transplace's Original Complaint. *See* Return of Service [ECF Doc. 5]. On or about December

30, 2022, the Clerk made an Entry of Default against HLL. *See* Entry of Default [ECF Doc. 7]. Therefore, Transplace requests that the Court enter default judgment against HLL.

## JURISDICTION

2.	This Court has jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332 and the Carmack Amendment, 49 U.S.C. §14706(d)(3). In addition, since this Court has original jurisdiction under 49 U.S.C. § 14706(d)(3), the Court has supplemental jurisdiction over all other claims asserted by Transplace such as claims that arise from the same claim and controversy as Transplace's claim under the Carmack Amendment.

## FACTUAL BACKGROUND

3.	Transplace, a freight transportation broker, entered into a Motor Carrier Agreement with HLL, under which HLL agreed to provide motor carrier transportation services. *See* Exhibit A, Jones Dec., ¶ 4. Transplace separately entered into a Broker Agreement with Mars Wrigley Confectionary, LLC ("Mars Wrigley"), a shipper, under which Transplace agreed to arrange for the shipment of candy products and other goods for Mars Wrigley. *Id.* at ¶ 5.

4.	On August 6, 2021, Transplace arranged for HLL to transport a shipment of assorted candies (the "Cargo") on behalf of Mars Wrigley from Joliet, Illinois to Danville, Illinois. The Cargo was lost or stolen while in the possession

of HLL and was never delivered. The value of the load was $113,279.83. *Id.* at ¶ 6. As required by the Broker Agreement between Mars Wrigley and Transplace, Transplace paid the sum of $113,279.83 to Mars Wrigley for the loss and took an assignment of Mars Wrigley's right to pursue a claim against HLL. *Id.* at ¶ 7.

5. Transplace timely presented HLL with a written claim for the value of the Cargo. After HLL's insurance carrier denied coverage for the presented claim, Transplace renewed its demand for payment to UCH. *Id.* at ¶ 8.

6. Even though Transplace timely filed a damage claim and demanded payment from HLL, and even though all conditions precedent have been performed by Transplace or have occurred, HLL has not made any payment to Transplace for the loss of the Cargo. Transplace's damages caused by the acts and/or omissions of HLL total $113,279.83. *Id.* at ¶ 9.

7. Transplace was required to hire the law firm of Clark Hill PLC to bring this action. To date, Transplace has incurred $6,181.00 in attorneys' fees and $402.00 in court costs in connection with pursuit of its damage claim and the filing of this lawsuit. *Id.* at ¶ 10.

## **ARGUMENT**

8. HLL was properly served with citation and Transplace's Original Complaint on November 30, 2022, by private process service. The affidavit of service [ECF Doc. 5], attached as Exhibit B, has been on file with the Court for at

least fifteen (15) days, excluding the date of filing and today. The deadline for HLL to file its answer or otherwise respond to the Complaint was December 21, 2022. HLL, however, has not entered an appearance, filed an answer or otherwise responded to Transplace's Original Complaint. Therefore, HLL is in default.

9. HLL is a Texas corporation and not an individual. Therefore, it is not a minor, incompetent person, or member of the military service of the United State of America. *See* Exhibit C, Non-Military Affidavit.

10. Transplace has asserted claims against HLL for liability under 49 U.S.C. § 14706 of the Interstate Commerce Act, breach of contract, and negligence. The damages sought by way of Transplace's Original Complaint are liquidated; therefore, no hearing is necessary to establish the amount of damages. Transplace has also asserted a claim for its attorneys' fees and costs pursuant to Texas Civil Practice & Remedies Code § 38.001 *et seq.* Transplace is entitled to recover its losses, costs, and expenses in connection with the claims asserted in its Original Complaint, including an award of attorneys' fees and costs incurred. *See* Exhibit A, Jones Dec., ¶¶ 9-10. As of the date of Transplace's Motion for Default Judgment, Transplace's attorneys' fees incurred are $6,181.00, and it has incurred $402.00 for the filing of its Original Petition in this matter. *See* Exhibit A, Jones Dec., ¶ 10; Exhibit D, Garber Aff., ¶¶ 8-13.

11.     Pursuant to applicable law, Transplace is also entitled to pre-judgment interest at the maximum legal rate of 7.5% per annum from March 2, 2022 (180 days following its September 21, 2021 demand to HLL) until the date judgment is entered. *See Perez v. Bruister*, 823 F.3d 250, 274 (5th Cir. 2016); *Tercero v. Texas Southmost College Dist.*, No. 12-CV-00379, 2022 WL 292955, at *2-3 (S.D. Tex. Feb. 1, 2022), Tex. Fin. Code § 304.003(c)(1). Likewise, Transplace is entitled to post-judgment interest on any judgment at the maximum legal rate of 4.69% per annum from the entry of judgment until the judgment is satisfied. *See* 28 U.S.C. § 1961.

## PRAYER

Plaintiff Transplace Stuttgart, LP therefore requests that the Court grant this Motion and render a default judgment in favor of Transplace against Holy Land Logistics, Inc. for all damages including, but not limited to damages in the amount of $136,050.00, attorneys' fees incurred by Transplace in the amount of $6,181.00, filing fees of $402.00 and other costs of court; that Transplace be awarded pre-judgment interest at the rate of 7.5% and post-judgment interest at the rate of 4.69% per year until the judgment is satisfied; and other and further relief to which Transplace may be justly entitled.

Dated: February 2, 2023.

Respectfully submitted,

By: */s/ Katherine T. Garber*
    **Katherine T. Garber**
    State Bar No. 07626985
    Clark Hill PLC
    909 Fannin St., Suite 2300
    Houston, Texas 77010
    (713) 951-5600 – Telephone
    (713) 951-5660 – Facsimile
    KGarber@clarkhill.com

**ATTORNEY-IN-CHARGE**
**FOR PLAINTIFF**
**TRANSPLACE STUTTGART, LP**